UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PEDRO DOMINGUEZ LIZANO, | ) | 1:05-CV-1465 OWW LJO HC |
| Petitioner, | ) | |
| v. | ) | ORDER GRANTING PETITIONER'S MOTION TO TRANSFER ACTION AND TRANSFERRING ACTION TO NINTH CIRCUIT COURT OF APPEALS |
| MICHAEL CHERTOFF, et al., | ) | |
| Respondents. | ) | |

Petitioner is detained at Taft Correctional Institution and is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On November 18, 2005, Petitioner filed the instant petition for writ of habeas corpus. On November 29, 2005, he then filed a motion to transfer the action to the Ninth Circuit Court of Appeals.

**DISCUSSION**

On May 11, 2005, the President signed into law the "Emergency Supplemental Appropriations Act for Defense, The Global War on Terror, and Tsunami Relief, 2005." Division B of the Act is titled "REAL ID Act of 2005." Section 106 of the Act amended Section 242 of the

Immigration and Nationality Act (8 U.S.C. § 1252) so as to render a petition for review to the courts of appeal the sole and exclusive means of review of an administrative order of removal, deporation, or exclusion. Section 106(c) provides:

> If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note).

In this case, Petitioner challenges the Immigration Judge's order of deportation, and this case was filed after the Act went into effect. Therefore, the statute requires that this Court transfer the matter to the Ninth Circuit Court of Appeals.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion to transfer the action is GRANTED and the petition for writ of habeas corpus is TRANSFERRED to the Ninth Circuit Court of Appeals as a petition for review.

IT IS SO ORDERED.

**Dated:**   **December 19, 2005**           /s/ Oliver W. Wanger
emm0d6                                             UNITED STATES DISTRICT JUDGE